# CIRCUIT COURT OF THE CITY OF ROANOKE

William Timothy Ambler

v.

Deborah Love Ambler

August 31, 2012

Case No. CL 07-2070R

BY JUDGE CLIFFORD R. WECKSTEIN

In this letter, I address three things: counsel's correspondence concerning interest on past-due support payments, the scheduling order that counsel submitted, and Ms. Ambler's attorney's motion to be relieved as counsel.

### *Interest on Past-Due Support Payments and the Duty of Counsel To Confer*

I have received letters from both counsel discussing whether interest should run from the date of judgment or from the date that each unpaid support payment became due. Mr. Ambler's attorney makes an excellent point, relevant to every case, not just this one. He writes:

> Importantly, my initial note to [opposing counsel], regarding her draft Order could have, and should have, been clearer. However, I was simply stating that I did not recall your Honor ordering pre-judgment interest. By the time that [opposing counsel] and I could speak about this issue, the Court had already been advised of the issue and we were invited [by Ms. Ambler's lawyer] to correspond to the Court with our position.

Rule 4:15 of the Rules of the Supreme Court of Virginia provides, in part, that any notice of hearing "shall be accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." To confer, in my view, means to talk, to discuss. Common sense and "local customs of courtesy or practice" dictate, I believe, that a lawyer confer with opposing counsel to try to resolve a dispute before bringing it to the court. *See* Va. R. Prof. Conduct, Rule 3.4, comment 8. I encourage counsel to do so in the future.

The answer to the interest question is not a difficult one. I quote an unpublished opinion of the Court of Appeals of Virginia:

> Code § 20-60.3(12) provides that "the support obligation as it becomes due and unpaid creates a judgment by operation of law." Thus, "interest should be assessed on unpaid installments of [support] from the date they mature or become due until the date they are paid." *Alig v. Alig*, 220 Va. 80, 85, 255 S.E.2d 494, 498 (1979).

*Wolfe v. Arthur*, 2008 Va. App. LEXIS 135 (Va. App., Record No. 1273-07-4, Mar. 18, 2008). *See also* Va. Code § 20-78.2 ("The entry of an order or decree of support . . . shall constitute a final judgment for any sum or sums in arrears. This order shall also include an amount for interest on the arrearage at the judgment interest rate" unless waived.)

### The Pretrial Order

On June 26, 2012, we had a pretrial conference in this case. The primary purpose of such a pretrial conference is to identify the issues that the court will be asked to decide at the final hearing in this case. *See* Rule 1:19. Once this is done, court and counsel can determine how long the hearing should be, set a trial date, and, if necessary, establish a discovery schedule. The pretrial order should memorialize what took place at the pretrial conference. At the conclusion of the June 26, 2012, conference, I asked that counsel prepare a pretrial order, leaving it to counsel, as I recall, to set a discovery schedule that suited counsel.

Counsel submitted a pretrial scheduling order in the form dictated by Rule 1:18, but counsel omitted the most important part of the pretrial order, the issues remaining for trial.

### Withdrawal of Counsel

On August 13, 2012, counsel for Ms. Ambler filed a motion to be relieved, stating that Ms. Ambler had become dissatisfied with her, and had,

during the preceding month, made several complaints about the lawyer to the Virginia State Bar.

I will consider entering an order relieving counsel only after I have received the fully-endorsed orders discussed above.

Also, Rule 1:5 provides that "[c]ounsel of record shall not withdraw from a case except by leave of court after notice to the client of the time and place of a motion for leave to withdraw." Under Va. R. Prof. Conduct Rule 1.16(c), counsel of record in a court proceeding "shall not withdraw except by leave of court after compliance with notice requirements pursuant to applicable Rules of Court." *See also* Rule 1.16(d). There is no indication in the file that Ms. Ambler has received a copy of the motion or the proposed order nor any notice to her of the time and place that an order of withdrawal will be presented. Of course, if Ms. Ambler endorses a withdrawal order, no notice is necessary.